IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY C. PARKER, #R-15613, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18−cv–01895−SMY |
| | ) |
| DR. RITZ, | ) |
| JOHN R. BALDWIN, | ) |
| and SHERRY BENTON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Johnny Parker,[1] an inmate who is currently incarcerated in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims that he has been denied adequate medical care for a painful cyst in his right testicle since 2016. (Doc. 1, pp. 1-15). Specifically, Plaintiff claims that the following officials in the Illinois Department of Corrections ("IDOC") refused to authorize treatment with a specialist, in violation of Plaintiff's Eighth and Fourteenth Amendment rights: Doctor Ritz (Collegial Review Board); Sherry Benton (Administrative Review Board); and John Baldwin (IDOC Director). *Id*. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief. (Doc. 1, pp. 16-17).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner Complaints to filter

---

[1] Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP"), which was granted. However, he failed to disclose at least one "strike" assessed under 28 U.S.C. § 1915(g) when seeking permission to proceed as a poor person. *See Parker v. Holderbaum*, No. 05-cv-05929 (N.D. Ill.) (Doc. 5). Plaintiff is **WARNED** that failure to disclose his "strikes" in any future IFP application filed in this District may result in sanctions that include denial of IFP and/or dismissal of the suit.

1

out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### **The Complaint**

In his Complaint, Plaintiff makes the following allegations: In 2016, Plaintiff sought treatment at Menard for a painful cyst in his right testicle. (Doc. 1, pp. 1-15). Twice, medical staff performed an ultrasound that revealed "nothing serious." Plaintiff nevertheless complained of severe and constant squeezing pain. Doctors Trost and Siddiqui[2] separately recommended treatment with a urologist after a course of antibiotics and long-lasting pain relievers proved to be ineffective. Doctor Ritz denied these requests in favor of more conservative treatment[3] on October 14, 2016, February 8, 2017, May 4, 2017, and July 20, 2017. Plaintiff filed grievances and appeals to challenge these decisions, but Sherry Benton and John Baldwin denied them. *Id*.

### **Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

**Count 1:** Eighth Amendment deliberate indifference claim against Defendants for denying Plaintiff adequate medical care for the painful cyst in his right testicle since 2016.

**Count 2:** Fourteenth Amendment due process claim against Defendants for mishandling Plaintiff's grievances regarding the denial of medical care for the cyst in his right testicle.

---

[2] These individuals are not named as defendants in this action, and any claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party, a defendant must be "specif[ied] in the caption").

[3] Doctor Ritz recommended supportive underwear and long-lasting nonsteroidal anti-inflammatory drugs.

**Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[4]

### Count 1

To state an Eighth Amendment claim based on deficient medical care, an incarcerated person must demonstrate that he suffers from a sufficiently serious medical condition (*i.e.*, an objective standard) and that each defendant responded to it with deliberate indifference (*i.e.*, a subjective standard). *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). Both components of this claim are satisfied at screening against the defendants in this case.

Plaintiff's painful cyst is sufficiently serious to survive threshold review. *See, e.g., Hayes v. Snyder*, 546 F.3d 516 (7th Cir. 2008) (painful testicular growths and cysts constituted serious medical condition); *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) ("no hesitation" concluding that infected pilonidal cyst was serious medical condition). Further, Doctor Ritz, Sherry Benton, and John Baldwin were aware of Plaintiff's serious medical condition and constant pain but denied his requests for further treatment with a specialist. *See McGowan v. Hulick*, 612 F.3d 636, 640-41 (7th Cir. 2010) (delayed referral to specialist supported deliberate indifference claim against administrator); *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (grievances and correspondence complaining of delays in treatment supported deliberate indifference claim against grievance officials). Therefore, Count 1 survives screening against the defendants.

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Count 2

No independent due process claim arises against the defendants for mishandling Plaintiff's grievances. Prison grievance procedures are not constitutionally mandated and do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Accordingly, Count 2 will be dismissed with prejudice.

## Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for a decision.

## Disposition

The Clerk is **DIRECTED** to **ADD** a Motion for Preliminary Injunction, based on Plaintiff's request for this relief in the Complaint (Doc. 1, p. 17). However, Plaintiff did not file a separate motion in support of the request, describe exactly what relief he is now seeking, and/or set forth the reasons he is entitled to this relief under Rule 65(a) of the Federal Rules of Civil Procedure. If Plaintiff wishes to pursue the Motion, he must file a brief in support of the motion for preliminary injunction within thirty (30) days (on or before December 28, 2018). Failure to do so by this deadline will result in dismissal of the motion without prejudice.

The Clerk is also **DIRECTED** to **ADD** the **WARDEN of MENARD CORRECTIONAL CENTER (official capacity)** as a defendant in CM/ECF for purposes of carrying out any injunctive relief that is ordered.

**IT IS HEREBY ORDERED** that **COUNT 1** survives screening under 28 U.S.C. § 1915A against the defendants. However, **COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted against any defendants.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **WARDEN OF MENARD, DOCTOR RITZ, JOHN BALDWIN,** and **SHERRY BENTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, including a decision on the Motion for Recruitment of Counsel (Doc. 3). Further, this entire matter is **REFERRED** to United States

Magistrate Judge **Daly** for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff and includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his IFP application was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 28, 2018**

s/ STACI M. YANDLE
**U.S. District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendant(s) of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendant(s) will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendant(s)' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before

filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.