IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY C. PARKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 18-cv-1895-RJD |
| DR. RITZ, et al. | ) ) |
| Defendants. | ) ) ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the Motion to Dismiss Count III of Plaintiff's Amended Complaint (Doc. 99) and the Memorandum in Support of Motion to Dismiss Count III of Plaintiff's Amended Complaint (Doc. 101) filed by Defendant Wexford Health Sources, Inc. Plaintiff filed a Response (Doc. 107). For the reasons set forth below, the Motion is **GRANTED.**

Plaintiff Johnny C. Parker, formerly incarcerated at Menard Correctional Center, filed this lawsuit *pro se* pursuant to 42 U.S.C. § 1983 alleging that he was being denied adequate medical care for a painful cyst in his right testicle. The Court assigned counsel to Plaintiff, and assigned counsel filed a First Amended Complaint on Plaintiff's behalf against two defendants, Dr. Stephen Ritz and Wexford Health Sources, Inc. ("Wexford"). Plaintiff's First Amended Complaint contains the following §1983 claims:

Count One:  Deliberate indifference claim against Dr. Ritz for denying Plaintiff adequate medical care for a testicular cyst

Count Two:  Deliberate indifference claim against Wexford for an unconstitutional practice, policy, or custom

>Count Three: *Respondeat superior* claim against Wexford for Dr. Ritz's deliberate indifference

Wexford filed the instant motion to dismiss Count Three pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6). To survive such a motion, Plaintiff's claim must be "plausible on its face", meaning the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft, et al. v. Iqbal, et al.*, 556 U.S. 662, 678 (2009 (*citing Bell Atlantic Corp. v. Twombly, et al.*, 550 U.S. 544, 556 (2007)). The defendant must be placed on fair notice of the basis for each claim against it. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (*citing Bell Atlantic*, 550 U.S. at 555).

Defendants in Section 1983 claims cannot be held liable under a theory of *respondeat superior*. *Shields v. Ill. Dep't. of Corr.,* 746 F.3d 782, 789 (7th Cir. 2014). This rule applies whether the defendant is a municipality or a private corporation. *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 131 (7th Cir. 1982) (*internal citations omitted*). As Plaintiff notes in the First Amended Complaint, the Seventh Circuit Court of Appeals discussed in 2014 whether the issue of *respondeat superior* liability in Section 1983 cases against private corporations should be revisited. *Shields*, 746 F.3d at 789-96. However, the law is still clear: Wexford cannot be vicariously liable in a §1983 claim for the acts of its employees. *Wilson v. Wexford Health Sources, Inc*., 932 F.3d 513, 522 (7th Cir. 2019).

The Court declines to ignore established Seventh Circuit precedent. Because Plaintiff cannot state a plausible §1983 claim against Wexford for *respondeat superior* liability, Wexford's Motion to Dismiss Count III of Plaintiff's Amended Complaint (Doc. 99) is **GRANTED**. Count III of Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE.** The Clerk shall enter

judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   6/23/2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**