IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY C. PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-cv-1895-RJD |
| | ) |
| DR. STEPHEN RITZ and WEXFORD | ) |
| HEALTH SOURCES, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Johnny C. Parker, formerly incarcerated within the Illinois Department of Corrections, filed this action pursuant to 42 USC §1983. He alleges that Defendants Wexford Health Sources, Inc. ("Wexford")[1] and Dr. Stephen Ritz were deliberately indifferent to a cyst on Plaintiff's right testicle. This matter is now before the Court on Defendants' Motions in Limine (Doc. 128), to which Plaintiff responded (Doc. 133). Plaintiff also filed Motions in Limine (Doc. 129), to which Defendants responded (Doc. 134).

As a preliminary matter, the Court notes that several of the following Motions in Limine (and the corresponding Responses) gave the Court little to no information upon which the Court could issue a ruling. Of course, it is the movant's burden to establish that the evidence at issue is "inadmissible for any purpose." *Jonasson, v. Lutheran Child and Family Svcs.*, 115 F.3d 436, 440 (7th Cir. 1997). However, some of Defendants' Motions in Limine suggest they do not know whether Plaintiff has the evidence at issue. For example, in Defendants' Motion in Limine No.

---

[1] Wexford contracts with the Illinois Department of Corrections to provide medical care to inmates.

1, Defendants ask the Court to bar evidence of other inmates' medical treatment. Plaintiff objects to the motion, but neither Plaintiff nor Defendant provide information to the Court that suggests Plaintiff has evidence of other inmates' medical treatment that he intends to present at trial. It is unclear to the Court whether that is because the evidence at issue was not disclosed during discovery, or because the parties anticipate it will be used for impeachment, or because such evidence does not exist. Assuming the evidence exists and will be presented to the Court at trial, several of the motions in limine involve admissibility issues that could significantly delay trial proceedings if the Court does not make a ruling prior to impaneling the jury. For those motions in limine, the Court has ordered the parties to submit trial briefs. The parties are also reminded that orders *in limine* may be revisited during trial. *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013) (*citing Luce v. U.S.*, 469 U.S. 38, 41-42 (1984)).

**Defendants' Motions in Limine**

    **1. Medical treatment provided to other inmates**

Defendants ask the Court to bar evidence and argument pertaining to other inmates' medical treatment (or lack thereof). However, as Plaintiff points out, to prevail against Wexford at trial he must establish that Dr. Ritz was acting pursuant to a widespread practice that violated Plaintiff's Eighth Amendment rights. *Howell v. Wexford Health Sources, Inc*., 987 F.3d 647, 659 (7th Cir. 2021); *see also* Doc. 137, pp. 7-11. Plaintiff explains that one of the ways he might do that is by presenting evidence regarding other inmates' similar experiences, and that he will be able to "demonstrate substantial similarity to the extent other inmates were subjected to the same unconstitutional custom or practice." However, Plaintiff does not provide the Court with any information regarding these other inmates for which the Court can determine the relevancy of their testimony. Neither do Defendants. The Court notes that Defendants did not file any objections

to Plaintiff's Rule 26(a)(3) disclosures and therefore presumes this issue is moot. Defendants' Motion in Limine No. 1 is DENIED, but to the extent Plaintiff *does* intend to present evidence or testimony at trial regarding other inmates' medical treatment, he SHALL file a trial brief on or before April 18, 2022 that sets forth the relevancy of the other inmates' medical treatment he intends to offer, and the manner in which he will offer it (e.g., via a specific witness, through documents, etc.). Plaintiff should also explain the manner in which he disclosed this evidence to Defendants pursuant to Rule 26. Defendants' deadline for filing a response is May 2, 2022.

2. **Defendants' insurance**

3. **The size of the law firm representing Defendants and/or the cost associated with defending this matter**

Plaintiff argues that Defendants' Motions in Limine Nos. 2 and 3 are overbroad, but then informs the Court that he does not currently intend to present evidence regarding Defendants' insurance, the cost associated with defending this matter, or the size of defense counsels' law firm. Accordingly, Defendants' Motions in Limine Nos. 2 and 3 are DENIED AS MOOT.

4. **Settlement negotiations**

Defendants request that "any and all argument and evidence concerning status of settlement negotiations…or any lack thereof" should be excluded pursuant to Federal Rule of Evidence 408, which prohibits offering evidence of litigants' "compromise offers and negotiations" to "prove or disprove the validity of amount of a disputed claim" or for impeachment. Plaintiff contends that this motion should be denied because it is overbroad, but provides no context or scenario in which evidence of settlement negotiations could possibly be relevant and otherwise admissible at trial. The Court acknowledges that it is Defendants' burden to establish the evidence at issue is inadmissible for any purpose, but in this instance will not require Defendants to prove a negative.

Defendants' Motion in Limine No. 4 is GRANTED.

### 5. Wexford is a "for-profit" and "big" corporation

Defendants contend that they would be unfairly prejudiced by any evidence or argument that Wexford is "for-profit" and/or a "big" corporation. One of the issues to be resolved by the jury is whether Dr. Ritz, acting pursuant to a Wexford policy, managed Plaintiff's referrals to medical providers outside of the IDOC "aggressively…for cost effectiveness" in violation of the Eighth Amendment (Doc. 137, pp. 7-11). Plaintiff contends that "evidence of financial motivations" is relevant to Plaintiff's claim against Wexford and to Dr. Ritz's state of mind. Regardless, a corporation does not need to be "big" to be financially motivated, nor does it need to be "for-profit" to aggressively address cost-effectiveness. The relevancy of Wexford's status as a "big" and "for-profit" corporation is minimal compared to the danger that such terms would confuse the issues and mislead the jury. Defendant's Motion in Limine No. 5 is GRANTED. This ruling does not prohibit Plaintiff from presenting argument or evidence regarding Defendants' financial motivations.

### 6. Dr. Smith's "not effective" testimony

Dr. Zackary Smith is a urologist who treated Plaintiff outside of the IDOC (Doc. 115-2). At his deposition, Dr. Smith was asked about Dr. Ritz's "alternative treatment plan" for Plaintiff. Dr. Smith testified "clearly [the plan] was not effective" based upon statements made by Plaintiff to Dr. Smith, and possibly Plaintiff's medical records (*Id.*, p. 28-29, 93-94). Defendants claim that Dr. Smith's opinion regarding the efficacy of the alternative treatment plan should be excluded because it is based on hearsay and "unknown documents." Defendants cite Federal Rule of Evidence 602 as the only basis for their argument. Rule 602 precludes fact witnesses from testifying to matters for which they do not have personal knowledge, but explicitly states that it

does not apply to a "witness's expert testimony under Rule 703." Plaintiff does not raise this argument; nonetheless, the Court presumes that Dr. Smith will testify at trial as an expert witness, as Plaintiff informs the Court elsewhere in his Response to Defendants' Motion in Limine that Dr. Smith was disclosed as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). Defendants' Motion in Limine No. 6 is DENIED.

7. **Expert testimony from witnesses not qualified as experts**

8. **Expert testimony from witnesses not disclosed as experts**

The Court cannot determine whether a witness is qualified to give expert testimony without knowing who the witness is, as well as the opinion he/she intends to give. Similarly, the Court cannot bar a witness from giving expert testimony based on Plaintiff's failure to disclose without knowing the identity of the witness(es) in question. Nothing in the record before the Court suggests Plaintiff's counsel has disregarded Federal Rule of Civil Procedure 26. Defendants' Motions in Limine Nos. 7 and 8 are essentially asking the Court to order Plaintiff's counsel to follow the Rules of Civil Procedure and the Rules of Evidence, which is not necessary. Defendants' Motions in Limine Nos. 7 and 8 are DENIED.

9. **References to other litigation or claims against Defendants**

Defendants ask the Court to exclude evidence and argument regarding other lawsuits and claims against them. They cite Rule of Evidence 404(b)(1), which states that "evidence of any other…wrong.. is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." The Court agrees Plaintiff cannot introduce evidence of other claims against Dr. Ritz or Wexford for the purpose of establishing that they were deliberately indifferent to him, but of course there are other purposes for which Plaintiff could introduce such evidence. Fed. R. Evid. 404(b)(2).

As stated previously, Plaintiff may elect to present evidence regarding other inmates' medical care to prove his claim against Wexford.  *See, e.g., Hildreth v. Butler*, 960 F.3d 420, 426-27 (7th Cir. 2020).  The Court cannot determine whether other litigation or claims are relevant and otherwise admissible without knowing what claims Plaintiff intends to present, how he intends to present them, and the nature of those claims.  Defendants did not file any objections to Plaintiff's Rule 26(a)(3) disclosures, so the Court presumes the issue is moot and DENIES Defendants' Motion in Limine No. 9.  However, to the extent Plaintiff *does* intend to present evidence or testimony at trial regarding other claims against Defendants, he SHALL file a trial brief on or before April 18, 2022 that sets forth the relevancy of those claims, and the manner in which he will offer evidence of those claims.  Plaintiff should also explain the manner in which he disclosed this evidence to Defendants pursuant to Rule 26.  Defendants' deadline for filing a response is May 2, 2022.

**10.  Defendants' "failure to meet the standard of care"**

A medical provider's failure to meet the standard of care does not equate to deliberate indifference.  *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006).  Consequently, the relevance of whether Defendants failed to meet the standard of care is minimal and certainly outweighed by the danger of "confusing the issues."   Fed. R. Evid. 403.   Defendants' Motion in Limine No. 10 is GRANTED.

**11.  Preliminary injunction**

Earlier in this case, the Court granted Plaintiff's Motion for a Preliminary Injunction and ordered Defendants to send him for a urology consult (Docs. 43, 44).  Without citing any authority, Defendants ask the Court to exclude all evidence that the consult was Court-ordered.  Certainly, it would be prejudicial for Defendants if the jury is informed that the Court ordered

them to send Plaintiff for treatment. The issue is whether the prejudice outweighs the relevance. Fed. R. Evid. 403. Defendants state that they "do not intend to suggest to the jury that they voluntarily sent [Plaintiff]" to the urologist. Even if Defendants do not make that "suggestion," it seems likely to the Court that the jury will mistakenly presume Defendants voluntarily sent Plaintiff to the specialist; after all, he was incarcerated at Menard Correctional Center at the time and Wexford was responsible for his medical treatment. The Court is inclined to find that, in some manner, the jury should be informed that Defendants did not voluntarily send Plaintiff to the urologist. Defendants' Motion in Limine No. 11 is therefore DENIED. However, Defendants may submit a trial brief on this issue on or before April 18, 2022. The brief should include legal authority for their position and also propose methods for informing the jury that Defendants did not voluntarily send Plaintiff to the urologist. Plaintiff's deadline for filing a Response is May 2, 2022.

**12. The jury should "send a message" to Defendants and act as the conscience of the community**

Defendants ask the Court to prohibit Plaintiff from arguing that the jury should "send a message" to Defendants and act as the conscience of the community. Clearly, Plaintiff's counsel should not make *any* argument in opening statements. *Testa v. Village of Mundelein, Ill.*, 89 F.3d 443, 446 (7th Cir. 1996). However, the Court will determine whether Plaintiff may ask for punitive damages prior to closing arguments. The jury instruction for punitive damages explains that the purpose of such damages is to "serve as a…warning to Defendant and others" and directs the jurors to consider "the likelihood that Defendant[s] would repeat the conduct if an award of punitive damages is not made." *See* Seventh Circuit Pattern Jury Instruction 7.28. Depending on whether the jury receives this instruction, Plaintiff may be allowed to argue that the jury should

"send a message." Consequently, Defendants' Motion in Limine No. 12 is DENIED.

### 13. Any documents, testimony, or other evidence not expressly produced in written discovery.

As previously discussed, it is not necessary for the Court to enter a pretrial order that directs Plaintiff's counsel to comply with the Federal Rules of Civil Procedure. If Plaintiff's counsel attempts to introduce evidence not properly disclosed, Defendants may object at that time. Defendants' Motion in Limine No. 13 is DENIED.

### 14. Comparisons between medical care provided in a prison and medical care provided outside the prison

Defendants believe Plaintiff's counsel will ask witnesses to compare the medical treatment at a prison to medical treatment received outside of prison. At their depositions, Plaintiff's counsel asked Dr. Ritz and another Wexford physician whether inmates receive (or should receive) the same medical treatment that individuals outside of prison receive (Doc. 115-3, p. 50-51; Doc. 115-5, p. 23). Dr. Ritz explained "that is what we aspire to do" but that there are restrictions and limitations in the correctional system (Id., p. 24). The Court agrees that making comparisons to medical care inside and outside the correctional system is likely to confuse the issues and mislead the jurors. Fed. R. Evid. 403. Ultimately, the issue in this case is whether Plaintiff received medical care (or lack thereof) that violated the Eighth Amendment. Most medical care outside of prison does not invoke the U.S. Constitution. Defendants' Motion in Limine No. 14 is GRANTED.

### 15. Plaintiff's testimony regarding the cause of his injuries

Defendants contend that "Plaintiff may try to testify that his claimed injuries…were caused by the conduct of Defendants" In light of the specific allegations in this case, this motion is frivolous. Plaintiff is not claiming that Defendants' actions caused the cyst. Instead, Plaintiff

claims that he suffered increasing pain and discomfort during the time period that Defendants provided him with conservative treatment for the cyst, instead of referring him to a urologist (Doc. 127, p. 1-4).  He further claims that following his visit(s) with the urologist and the cyst removal, he no longer has pain.  Pain and discomfort are symptoms that a layperson can understand and offer testimony.  *Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004).  Defendants' Motion in Limine No. 15 is DENIED.

### 16. Remarks that "trial is necessary because Defendants are not taking responsibility for their actions or did not settle"

Defendants ask the Court to prohibit Plaintiff and his counsel from remarking that *trial is necessary* because Defendants did not take responsibility for their actions or did not settle. Plaintiff refers the Court to his argument that the Court should not preclude *in limine* evidence regarding settlement negotiations, but again fails to provide one single purpose for which settlement negotiations might be relevant at trial.  Plaintiff also wants "to argu[e] that Defendants were responsible for his ongoing pain."  Defendants' Motion in Limine No. 16 is GRANTED and Plaintiff is prohibited from arguing or remarking at trial that "*trial* is necessary because Defendants are not taking responsibility for their actions or did not settle."  This ruling in no way prohibits Plaintiff from arguing that his pain resulted from Defendants' deliberate indifference.

### 17. Statements made by others regarding Plaintiff's "alleged injuries, cause of injuries, or medical conditions"

Defendants argue that Plaintiff cannot testify to statements made by "other inmates, healthcare providers, Wexford employees, jail or IDOC employees, or other jail and prison staff" regarding Plaintiff's injuries and medical treatment because any such statements are "inadmissible hearsay."  The Court cannot evaluate a statement to determine whether it constitutes inadmissible hearsay without knowing what the statement is, who said it, and the context of the statement.

Defendants' Motion in Limine No. 17 is DENIED.

### 18. "Any misconduct, reprimand, or grievance issued against Defendants"

This issue has been addressed multiple times in Defendants' Motions in Limine. Evidence of other "bad acts" is not admissible to show that Dr. Ritz violated Plaintiff's Eighth Amendment rights, but may be admissible for other purposes, e.g., to establish that that Dr. Ritz was acting pursuant to a widespread Wexford practice when he denied Plaintiff's referral to a urologist. Fed. R. Evid. 404(b). Defendants' Motion in Limine No. 18 is DENIED. However, if Plaintiff intends to present evidence regarding Defendants' treatment of other inmates, Plaintiff SHALL file a trial brief on or before April 18, 2022 that sets forth the relevancy of the other inmates' medical treatment he intends to offer, and the manner in which he will offer it (e.g., via a specific witness, through documents, etc.). Plaintiff should also explain the manner in which he disclosed this evidence to Defendants pursuant to Rule 26. Defendants' deadline for filing a response is May 2, 2022.

### 19. Plaintiff's grievance records

Defendants argue that Plaintiff's grievance records are inadmissible hearsay if he attempts to tender them, but they are admissible for Defendants to present as either admissions by Plaintiff or for impeachment purposes. The Court is inclined to find that grievance records are hearsay but cannot determine whether *any* exception applies to a statement within a grievance without knowing the statement and the context in which Plaintiff attempts to introduce it. Defendants' Motion in Limine No. 19 is DENIED.

### 20. News articles, media stories, and opinion pieces

Neither party identifies any specific news articles, stories, or opinion pieces that Plaintiff intends to present at trial. Defendants did not file any objections to Plaintiff's Rule 26(a)(3)

disclosures and therefore the Court presumes this issue is moot. Defendants' Motion in Limine No. 20 is DENIED.

### 21. Plaintiff's counsel's "pro bono" status

The Court agrees that any reference to counsel's status as "pro bono" is irrelevant. Plaintiff claims the jury should know that his lawyers are not "seek[ing] a piece of the pie" but that is not an element of Plaintiff's claim. Defendants' Motion in Limine No. 21 is GRANTED.

### 22. Defendants' absence from trial

Defendants ask the Court to prohibit Plaintiff, his counsel, or any witness from negatively remarking on "either Defendant for not appearing live at trial." A litigant's decision to not appear for trial carries consequences. *See Rainey v. Taylor*, 941 F.3d 243, 251 (7th Cir. 2019). Defendants provide no explanation to the Court as to why they are not available for trial and therefore their Motion in Limine No. 22 is DENIED.

**Plaintiff's Motions in Limine**

### 1. Evidence, testimony, or argument regarding Plaintiff's criminal history

In a civil case, evidence of a witness's criminal conviction must be admitted for the purpose of attacking the witness's character for truthfulness if the conviction was punishable by death or imprisonment for more than one year. Fed. R. Evid. 609(a)(1)(a). However, the Court may exclude evidence of the conviction if "its probative value is substantially outweighed by a danger of…unfair prejudice." Fed. R. Evid. 403. Plaintiff contends that "evidence of his prior convictions, which include convictions for drug possession, possession of a firearm by a felon, attempted murder, and murder" will unfairly prejudice him at trial and the Court is generally inclined to agree. Of course, at trial, the jury will know that Plaintiff was incarcerated at Menard. The Court would normally allow the jury to hear that Plaintiff had been convicted of a felony for

which he was incarcerated, which may not be appropriate in this case because Plaintiff's most recent conviction was overturned on appeal. *See People v. Parker*, 2018 Il. App. (2d) 150709.

The record currently does not contain enough information for the Court to rule on Plaintiff's Motion and it is therefore DENIED. However, to the extent that Defendants still intend to impeach Plaintiff regarding his prior convictions, they shall submit a trial brief that identifies the crime(s) and the date(s) of the conviction(s). Defendants' brief is due on or before April 18, 2022. If Plaintiff has any objections, he may file a response brief on or before May 2, 2022. If Plaintiff objects on the basis of Federal Rule of Evidence 609(b), then he must provide the Court with the date he was released from confinement for the particular conviction(s).

**2. Evidence, testimony, or argument related to Plaintiff's mental health**

Defendants do not object. Plaintiff's Motion in Limine #2 is GRANTED.

**IT IS SO ORDERED.**

**DATED:   March 14, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**