IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY C. PARKER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cv-1895-RJD |
| DR. STEPHEN RITZ and WEXFORD HEALTH SOURCES, INC., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Johnny C. Parker, formerly incarcerated within the Illinois Department of Corrections, filed this action pursuant to 42 USC §1983. He alleges that Defendants Wexford Health Sources, Inc. ("Wexford")[1] and Dr. Stephen Ritz were deliberately indifferent to a cyst on Plaintiff's right testicle while he was housed at Menard Correctional Center ("Menard"). This matter comes before the Court on Defendants' Trial Brief (Doc. 151) and Plaintiff's Response (Doc. 152).

**EVIDENCE OF PRELIMINARY INJUNCTION**

Earlier in this case, the Court granted Plaintiff's Motion for a Preliminary Injunction and ordered Defendants to send him for a urology consult (Docs. 43, 44). Defendants moved the Court to exclude *in limine* all evidence that the consult was Court-ordered. The Court denied the motion, primarily because Defendants provided no authority for their position, but allowed Defendants to file a trial brief on the issue (Doc. 150). In their trial brief, Defendants cited an

---

[1] Wexford contracts with the Illinois Department of Corrections to provide medical care to inmates.

Eighth Circuit Court of Appeals trademark infringement case in which the District Court allowed the jury to hear that the Court had entered a preliminary injunction against Defendants.  *WWP, Inc., v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1041 (8th Cir. 2011).   The Eighth Circuit stated that "it would have been preferable had the Court excluded express evidence of the preliminary injunction" and suggested that the District Court could simply have read a stipulation informing the jury that Defendants stopped the action prohibited by the preliminary injunction (without telling the jury that the Court ordered them to stop).  *Id*.

As the Court previously acknowledged, certainly evidence regarding the preliminary injunction would be prejudicial to Defendants.   The issue is whether the prejudice outweighs the relevance.   Fed. R. Evid. 403.   A stipulation that Defendants simply sent Plaintiff to the urology consult-similar to what the Eighth Circuit suggested in *WWP*-would not be helpful in this case; Plaintiff was incarcerated at Menard at the time and Wexford and IDOC were responsible for his treatment, so in the absence of evidence or instruction otherwise, the jury would likely infer that Defendants voluntarily sent Plaintiff to the urology consult.

At the pretrial conference, counsel for Defendants argued that the Court's preliminary injunction is not relevant whatsoever because of the timing.  In Defendants' view, the relevant time frame is October 2016-July 2017 because over the course of those nine months, Dr. Ritz received and denied six requests for Plaintiff to see a urologic specialist outside of the Illinois Department of Corrections.   In his Amended Complaint, Plaintiff alleges that after the third denial he "realized the futility of his continued effort to seek appropriate treatment through the channels offered by Wexford as they inevitably led to Dr. Ritz and the denial of a urology consult" (Doc. 85, ¶17).   Plaintiff alleges that he then utilized the grievance procedure at Menard-leading to Dr. Ritz's sixth denial-and ultimately "had no choice but to file this lawsuit" in October 2018.

Plaintiff filed the Motion for Preliminary Injunction in December 2018 and the motion was granted on April 1, 2019.

The Court has never made a finding that Dr. Ritz can only be liable for events that occurred from October 2016-July 2017. In support of their argument that the relevant time frame is limited to October 2016-July 2017, Defendants point to Plaintiff's medical records as proof that he did not seek treatment for his testicular pain from the healthcare unit at Menard after July 2017. However, Plaintiff alleges that he was still exhausting his administrative remedies through the prison grievance process after July 2017, and he was doing so because he believed any efforts to seek further treatment from Defendants for his testicular pain would be futile. In fact, the forms advising Plaintiff that he would not be referred to a urology specialist state "the offender has the right to appeal any adverse decisions through the grievance procedure" (Doc. 115-1, p. 107, 104).

Considering these allegations, the Court cannot make a finding that anything that happened after July 2017-including the preliminary injunction-is irrelevant. Dr. Smith, the urology surgeon who examined Plaintiff (in satisfaction of the preliminary injunction) and then ultimately removed Plaintiff's cyst in 2019, will testify at trial. Defendants have never objected to the subject matter of his testimony or asked the Court to find that the removal of Plaintiff's cyst and his subsequent pain relief are irrelevant.[2] Certainly the circumstances surrounding Plaintiff's initial visit to Dr. Smith and surgery are relevant. As the Court previously explained, it seems likely that the jury would be confused as to how Plaintiff was able to initially see Dr. Smith because Wexford and IDOC were responsible for his medical treatment at the time. Defendants have not established that the relevance of the preliminary injunction is outweighed by prejudice to them.

---

[2] Defendants did, however, object to one specific opinion within Dr. Smith's testimony (Docs. 128, 150).

Moreover, the *WWP* opinion by the Eighth Circuit suggests that "isolated" references to a preliminary injunction are not overly prejudicial. *Id*. To this end, the Court will inform the jury, at the same time it reads the parties' uncontroverted facts, that it was the Court who ordered Defendants to send Plaintiff to the urology consult. Specifically, the Court will inform the jury as follows:

> On April 1, 2019, the Court ordered Defendants to facilitate a referral to a physician whose specialty is urology to evaluate Plaintiff's epidydimal cyst.

Any other evidence or testimony regarding Plaintiff's Motion for Preliminary Injunction, the hearing on the motion, the undersigned's Report and Recommendation, and District Judge Yandle's decision is prohibited at trial. For example, the parties shall refrain from referencing Dr. Ritz's opposition to Plaintiff's Motion for Preliminary Injunction, and the parties shall not reference Dr. Ritz's decision to neither object to the undersigned's Report and Recommendation nor appeal District Judge Yandle's Order. Dr. Ritz's decisions regarding legal strategy are not relevant to the claims in this case.

Defendants also do not want Plaintiff to mention the preliminary injunction during his opening statement, but have not provided a sufficient reason for prohibiting Plaintiff from doing so. It is certainly proper for an opening statement to reference the evidence, and therefore either party may state that "on April 1, 2019, the Court the Court ordered Defendants to facilitate a referral to a physician whose specialty is urology to evaluate Plaintiff's epidydimal cyst" in their opening statements.

Defendants propose that the Court provide a cautionary instruction. In their briefings, both parties propose such an instruction, but their proposed instructions contain unnecessary material.

The Court will instruct the jury as follows:

> "The fact that the Court ordered Defendants to facilitate Plaintiff's consultation with a physician who specializes in urology in April 2019 should not affect your decision as to who should prevail on the issues in this case."

**PLAINTIFF'S PRIOR CONVICTIONS**

Plaintiff asked the Court to find, *in limine*, that "evidence of his prior convictions, which include convictions for drug possession, possession of a firearm by a felon, attempted murder, and murder" would unfairly prejudice him at trial and were therefore inadmissible. Defendants responded that they intended to impeach Plaintiff with evidence of prior convictions. Of course, at trial, the jury will know that Plaintiff was incarcerated at Menard. In §1983 cases involving conditions of confinement, the undersigned typically allows the jury to hear that the plaintiff has been convicted of a felony for which he was incarcerated, but Plaintiff's convictions (a murder conviction and an attempted murder conviction) were recently overturned on appeal. *See People v. Parker*, 2018 Il. App. (2d) 150709. Because the record did not contain enough information for the Court to rule on Plaintiff's motion *in limine*, the Court ordered Defendants to submit a trial brief regarding the conviction(s) and the date of the conviction(s) they intended to use to impeach Plaintiff. Plaintiff was instructed that if he objected on the basis of Federal Rule of Evidence 609(b), then he must provide the Court with the date he was released from confinement for the particular conviction(s). Convictions more than 10 years old are generally inadmissible to show the witness's character for truthfulness if "more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b).

Defendants' trial brief explains that Plaintiff recently pleaded guilty to a 2007 burglary and that "Defendants intend to elicit testimony [that Plaintiff] pleaded guilty to a felony, was

incarcerated for that felony at the time relevant to this case, and is currently out on parole for that felony." Defendants submitted materials reflecting that at all times relevant to this case, Plaintiff was incarcerated for a murder conviction that was later overturned on appeal (Doc 151-5).  While awaiting re-trial, Plaintiff agreed to plead guilty in December 2021 to residential burglary in exchange for dismissal of the murder charges (*Id*.).  Plaintiff was sentenced to time served.

Plaintiff argues that the burglary is "stale", but does not argue that Rule 609(b) applies, presumably because less than 10 years have passed since he was released from confinement. However, the nature of Plaintiff's burglary conviction is not sufficiently probative of his character for truthfulness.  Consequently, neither party established a justification for the Court to deviate from its normal practice in §1983 cases involving conditions of confinement.  Defendants may introduce evidence that Plaintiff was convicted of a felony for which he was incarcerated at the time of the events in question, but may not introduce evidence of any specific crime.

## CONCLUSION

When the Court presents the parties' uncontroverted facts to the jury, the Court will include the following information:

> On April 1, 2019, the Court ordered Defendants to facilitate a referral to a physician whose specialty is urology to evaluate Plaintiff's epidydimal cyst.

Any other evidence or testimony regarding Plaintiff's Motion for Preliminary Injunction, the hearing on the motion, the undersigned's Report and Recommendation, and District Judge Yandle's decision is prohibited at trial.  The Court will also give the jury the following instruction:

> "The fact that the Court ordered Defendants to facilitate Plaintiff's consultation with a physician who specializes in urology in April 2019 should not affect your decision as to who should prevail on the issues in this case."

For purposes of impeachment, Defendants may introduce evidence that Plaintiff was convicted of a felony for which he was incarcerated at the time of the events in question, but may not introduce evidence of any specific crime.

**IT IS SO ORDERED.**

**DATED:   May 18, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**