IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY C. PARKER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 18-cv-1895-RJD |
| | ) |
| DR. STEPHEN RITZ and WEXFORD HEALTH SOURCES, INC., | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Johnny C. Parker, formerly incarcerated within the Illinois Department of Corrections, filed this action pursuant to 42 USC §1983. He alleges that Defendants Wexford Health Sources, Inc. ("Wexford")[1] and Dr. Stephen Ritz were deliberately indifferent to a cyst on his right testicle while he was housed at Menard Correctional Center ("Menard"). This matter comes before the Court on Defendants' Motion for Leave to File Supplemental Motion *in Limine* (Doc. 155).

Pursuant to the undersigned's case management procedures, motions *in limine* are due 21 days before the Final Pretrial Conference. The parties previously filed motions *in limine* in April 2021 as they prepared for the Final Pretrial Conference that was set on May 10, 2021 (Docs. 128 and 129). The Final Pretrial Conference was continued multiple times and ultimately occurred on May 9, 2022, after the Court had ruled on the parties' Motions *in Limine* (Docs. 136, 141, 144). In the Order on the Motions *in Limine*, the Court ordered the parties to submit additional trial briefs

---

[1] Wexford contracts with the Illinois Department of Corrections to provide medical care to inmates.

(Doc. 150).   On May 5, 2022, Defendants asked the Court to grant them leave to file an additional Motion *in Limine* regarding an argument raised by Plaintiff in his response to Defendants' trial brief (Docs. 154, 155-1).   At the Final Pretrial conference on May 9, 2022, the parties presented arguments to the Court regarding whether leave should be granted to Defendants and, if leave was granted, whether the Motion *in Limine* should be granted.

Good cause exists to grant leave to Defendants to file an additional motion *in limine*, as the motion *in limine* pertains to an argument raised in Plaintiff's recent trial brief.   However, in light of the looming trial date, the Court considered the arguments raised in Defendants' additional Motion in Limine.   Because those arguments are futile for the purpose of ruling *in limine*, the Motion for Leave is denied.   *See Chicago Reg'l Council of Carpenters v. Vill. of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011); *see also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015).

In their proposed Motion *in Limine* (Doc. 115-1), Defendants ask the Court to prohibit Plaintiff from arguing at trial that during a "roughly two-and-a-half year period, Mr. Parker presented to healthcare a dozen times or more for his painful testicular cyst" and "only under the compulsion of a court order did Defendants, after years of repeated refusals, provide Mr. Parker a urology consult."   Defendants contend that these arguments (made in response to Defendants' trial brief) mischaracterize the evidence.

However, Defendants provide no information within the record for the Court to find that during a "roughly two-and-a-half year period, Mr. Parker presented to healthcare a dozen times or more for his painful testicular cyst" is a false statement.   The Court will therefore not enter an order *in limine* prohibiting Plaintiff's counsel from making this argument.

Regarding the argument that "only under the compulsion of a Court order did Defendants,

after years of repeated refusals, provide Mr. Parker a urology consult," Defendants cite to various medical records.  However, none of those medical records conclusively "prove a negative", i.e., that Defendants did *not* repeatedly refuse to provide Plaintiff with a urology consult over a period of at least two years.  Certainly, the record *does* establish that Plaintiff sought treatment for the cyst in January 2016 at Menard and then, on April 1, 2019, the Court ordered that Defendants facilitate the urology consult (Doc. 115-1, p. 17; Doc. 44).  The record also reflects that from October 2016-July 2017, Dr. Ritz received and denied six requests (including two appeals from Plaintiff's physician) for Plaintiff to see a urologist outside of the Illinois Department of Corrections (Doc. 115-1, p. 29-31, 45, 48, 61, 103, 106, 107, 109, 110).

Plaintiff submitted a grievance regarding these denials in which he stated "if they [are not] going to perform the surgery I have to keep writing the grievances until they do because I can't take this pain" (Doc. 117-1, p. 9).  Plaintiff received a response from prison officials that stated "treatment prescribed is at discretion of medical staff, no medical expertise to contradict"  (Doc. 117-1, p. 11).  In September 2018, Dr. Ritz received and approved a request for Plaintiff to undergo an ultrasound of the cyst (Doc. 115-1, p. 80).  On these facts in the record, the Court cannot conclusively find *in limine* that Plaintiff's counsel is falsely arguing that "only under the compulsion of a Court order did Defendants, after years of repeated refusals, provide Mr. Parker a urology consult."

Essentially, Defendants are asking the Court to make assumptions about what events transpired (or did not occur) from January 2016-April 2019, which the undersigned will not do. The Court *does* assume that Plaintiff's counsel will satisfy their ethical obligations to be candid with both the undersigned and the jury and make arguments that are supported by the evidence and the law.  All parties are reminded that rulings *in limine* may be revisited based upon

developments at trial. *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013) (*citing Luce v. U.S.*, 469 U.S. 38, 41-42 (1984)).   In the meantime, however, Defendants' supplemental Motion *in Limine* is futile because Defendants have not established that "only under the compulsion of a Court order did Defendants, after years of repeated refusals, provide Mr. Parker a urology consult" is a false statement.   Defendants' Motion for Leave (Doc. 155) is DENIED.

**IT IS SO ORDERED.**

**DATED:   May 18, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**