IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHNNY C. PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1895-RJD |
| | ) | |
| DR. STEPHEN RITZ and WEXFORD | ) | |
| HEALTH SOURCES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Wexford's Motion to Enforce the Settlement (Doc. 179).   Plaintiff filed a sealed Response (Doc. 183), and Wexford filed a sealed Reply (Doc. 191).[1] The Court held a hearing on January 31, 2023.   As explained further, Wexford's Motion is GRANTED.

An oral settlement agreement is enforceable if there is "an offer, acceptance, and a meeting of the minds between the parties regarding the terms of the agreement."   *County Line Nurseries and Landscaping, Inc., ex rel. Bankruptcy Trustee v. Glencoe Park Dist.*, 2015 IL App (1st) Dist. 143776, ¶33.[2]   Plaintiff acknowledges that "[o]n January 11, 2023, Defendants acquiesced to Plaintiff's monetary demand of [a specific sum]" (Doc. 186, p. 4).   The evidence in the record reflects that Defendants' acquiescence to the specific sum gave rise to an enforceable oral settlement agreement on January 11, 2023, as there was clearly an offer (of the specific sum) by

---

[1] The undersigned agreed with the parties that it was necessary to seal Plaintiff's Response and Defendant's Reply because the briefings referred to the parties' settlement negotiations.

[2] The parties agree that Illinois law applies to this issue.

Plaintiff, acceptance of that offer by Defendant, and a meeting of the minds as to the material terms of that agreement.[3]   Plaintiff's counsel provided Plaintiff's social security number to defense counsel so that the settlement check could be issued.   Wexford issued a check directly to Plaintiff's counsel.   Counsel for Defendant first circulated a proposed release on January 12, 2023.   All drafts of the written release contain a provision that states the "release and settlement reflected in it shall become effective immediately following execution" by the signatories to the release (hereinafter, "the signed writing condition").

The parties exchanged revisions to the written release.   None of the evidence in the record reflects that the revisions affected material terms of the oral settlement agreement.   *See Dillard v. Starcon Intl., Inc*., 483 F.3d 502, 507-08 (7th Cir. 2007).   For example, Plaintiff wanted Wexford to sign the written release, but Wexford signing the release was not discussed by the parties on or prior to January 11, 2023.   *See id*.   In any event, Wexford ultimately agreed to all of Plaintiff's revisions.   Plaintiff posits that the mere existence of revisions to a written release means the parties had not reached an enforceable oral settlement before finalizing the written release.   This position is impractical and contradicted by Seventh Circuit precedent.   *Id*.

Plaintiff further contends that on January 20, 2023, he "no longer wished to settle this case" (Doc. 186, p. 6).   He argues that the signed writing condition was a condition precedent for settlement, and therefore no settlement agreement between the parties existed because the parties had not formally signed the release.   Under Illinois law, "a condition precedent is one that must be met before a contract becomes effective."   *Pepper Construction Co v. Palmolive Tower*

---

[3] Counsel for Wexford presented an affidavit to the Court that describes the parties' communications and expressed expectations on January 11, 2023 (Doc. 191-1).   Though Plaintiff points to statements made by counsel *after* January 11, 2023, he presented no evidence to refute Wexford's attorney's affidavit.

*Condominiums, LLC*, 2021 IL App (1st) 200573, ¶21 (1st Dist. 2021).

The primary flaw in Plaintiff's argument is that he presents no evidence that either party discussed the signed writing condition on or before January 11, 2023.   If the parties entered into an enforceable oral agreement on January 11, 2023 without discussing the signed writing condition-and the evidence before the Court reflects that they did-then the signed writing condition could not be a condition precedent to that enforceable oral agreement.   *Meyer v. Marilyn Miglin*, 273 Ill. App.3d 882, 890 (1st Dist. 1995).   None of the cases cited by Plaintiff find otherwise. *See, e.g., Ceres Illinois, Inc. v. Illinois Scrap Processing, Inc*., 114 Ill.2d 133, 143-44 (1986) ("where the parties have assented to all the terms of the oral agreement the mere reference to a future written document does not negate the existence of a present contract" unless the parties clearly intended to be bound to the settlement agreement only after the release was signed).

Plaintiff urged the Court to "carefully review" his cited case law, including an Order denying a motion to enforce settlement that involved a two-day evidentiary hearing in the Northern District of Illinois.   *See Solaia Technology LLC v. Arvinmeritor, Inc*., Case No. 02-c-4704, 2006 WL 695699, *1 (N.D. Ill. Mar. 16, 2006).   The two purported settling parties conducted settlement negotiations regarding multiple lawsuits, "agree[ing]…to approach the settlement negotiations in a two-tiered fashion; first, the parties would seek agreement on non-monetary terms, and then the parties would discuss any monetary payment."   *Id*. at *2.   The parties exchanged multiple drafts of a written settlement agreement, minus the settlement amount, all of which stated "the agreement will become binding and effective upon the exchange of facsimile or other electronic copies of the required signatures."   *Id*. at *2-*4.   The parties discussed the monetary amount *after* they clearly stated their intent that the settlement agreement would be effective only when the written agreement was signed.   *Id*.   Here, the opposite occurred; the parties agreed upon a monetary

amount and then exchanged a written release that contained the signed writing provision.

Plaintiff contends that beyond the specific sum, there was no meeting of the minds on January 11, 2023.   He points to language in the e-mails among counsel regarding the provisions of the written release.   For example, on January 17, one of Plaintiff's attorneys referred to a revised version of the release and wrote "[t]o the best of our understanding these terms are acceptable, but of course the deal won't be final until all parties have signed."   This ambiguous statement-made six days after the oral settlement agreement was reached, by an attorney who was not involved in the settlement negotiations-does not preclude the Court from finding that there was a meeting of the minds regarding the material terms of the settlement on January 11, 2023.   *See County Line Nurseries and Landscaping, Inc.* at ¶34.

Regarding the other examples cited by Plaintiff, they evidence little more than the parties' ongoing discussions regarding the written release.   The evidence in the record reflects that the various revisions made to the written release did not implicate the material terms of the oral settlement agreement reached on January 11, 2023.   *Dillard*, 483 F.3d at 507-08.   Plaintiff argues otherwise, and points to subsequent statements by counsel that could be interpreted in a number of ways, but presents no evidence regarding the communications that occurred on January 11, 2023 to suggest that the parties did not agree to the material terms of the settlement.

In sum, the Court finds that the parties reached an enforceable oral settlement agreement on January 11, 2023.   Wexford's Motion to Enforce Settlement is GRANTED.   The Court DIRECTS Plaintiff to sign the settlement agreement forwarded by defense counsel to Plaintiff's counsel on January 18, 2023.   Plaintiff SHALL sign this agreement no later than 12:00 p.m. on February 6, 2023.   Defendant SHALL immediately thereafter sign the agreement and the parties SHALL take all steps necessary to complete the settlement terms.

At this time, the Court denies Wexford's request for sanctions.

The final pretrial conference set for February 2, 2023 is VACATED and the jury trial set for February 7, 2023 is VACATED.

On or before February 13, 2023, the parties shall either jointly or individually file a status report regarding whether any steps remain to complete the settlement terms.

**IT IS SO ORDERED.**

**DATED:   2/1/2023**

s/  *Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**